IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANITHA MADHAVARAM, <br><br> Plaintiff/Counter-Defendant, <br><br> v. <br><br> RAGHAVENDER RAYANNAGARI, *as executor of the estate of* JAGANMOHAN MADHAVARAM ROA, <br><br> Defendant/Counterclaimant. | CIVIL ACTION FILE <br> NO. 1:22-CV-1100-TWT |

OPINION AND ORDER

This is a declaratory judgment action. It is before the Court on the Defendant's Motion for Summary Judgment [Doc. 34]. For the reasons set forth below, the Defendant's Motion for Summary Judgment [Doc. 34] is DENIED.

I. Background[1]

This case arises from a dispute over two Fidelity IRA accounts owned by Dr. Jaganmohan Madhavaram Roa, who died in 2021. (Def.'s Statement of Undisputed Material Facts ¶¶ 1–4). The decedent's wife was the named beneficiary of the Fidelity accounts; however, she predeceased the decedent in 2019. (*Id.* ¶ 12). The Plaintiff Anitha Madhavaram is the niece of the decedent and claims that she was a contingent beneficiary of the Fidelity accounts. (Pl.'s

---

[1] The operative facts on the Motion for Summary Judgment are taken from the parties' Statements of Undisputed Material Facts and the responses thereto. The Court will deem the parties' factual assertions, where supported by evidentiary citations, admitted unless the respondent makes a proper objection under Local Rule 56.1(B).

Resp. to Def.'s Statement of Undisputed Material Facts ¶ 12). She brings the present case against the Defendant Raghavender Rayannagari, the executor of the decedent's estate, seeking declaratory relief of her entitlement to the accounts. The Defendant counterclaims also seeking a declaration that the accounts are property of the decedent's estate. The Defendant now moves for summary judgment as to both claims.

## II.   Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c). The court should view the evidence and draw any inferences in the light most favorable to the nonmovant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

## III.   Discussion

The Defendant moves for summary judgment, arguing that the Plaintiff lacks sufficient evidence to show that the decedent named her (or anyone) as a contingent beneficiary to the Fidelity accounts and therefore that summary

judgment is proper on the declaratory claims in the case. (Br. in Supp. of Def.'s Mot. for Summ. J., at 6–14). In response, the Plaintiff contends that summary judgment is improper because a genuine dispute of material fact exists as to whether the decedent named her as a contingent beneficiary on the Fidelity accounts—specifically, whether the decedent intended to designate her as the contingent beneficiary by naming "Anitha M Rao" on the accounts. (Pl.'s Resp. Br. in Opp'n to Def.'s Mot. for Summ. J., at 2).

  The Court agrees with the Plaintiff that there is sufficient evidence that the decedent designated Anitha M Rao as a contingent beneficiary on his Fidelity accounts and that, by such a designation, he could have intended to refer to the Plaintiff. (*Id.* at 5, 8). The Fidelity records custodian put forth evidence that the decedent's Fidelity accounts named Anitha M Rao as the contingent beneficiary. (*Id.* at 5–6 (citing Doc. 35-2, at 5–20)). The Defendant claims that the Fidelity records are not properly authenticated and contain inadmissible hearsay. (Reply Br. in Supp. of Def.'s Mot. for Summ. J., at 4–7). But the records custodian is a contractor of Fidelity and therefore suffices as someone with personal knowledge of the website that generated the printout records. See *MSP Recovery Claims, Series LLC v. Am. Nat'l Prop. & Cas. Co.*, 550 F. Supp. 3d 1311, 1319 (S.D. Fla. 2021). And the Court disagrees with the Defendant that these records fail to satisfy the business records exception to the rule against hearsay. *See id.* at 1320–21 (citing Fed. R. Evid. 803(6)). Finally, the fact that Fidelity did not produce a copy of the decedent's original

3

forms adding a contingent beneficiary to the Fidelity accounts does not alone negate a contingent beneficiary. (Pl.'s Resp. Br. in Opp'n to Def.'s Mot. for Summ. J., at 7; Reply Br. in Supp. of Def.'s Mot. for Summ. J., at 4). Thus, at the very least, the Plaintiff has presented affirmative evidence indicating that the decedent's Fidelity accounts named Anitha M Rao as a contingent beneficiary.

The evidence here also shows that the decedent may have intended, by naming Anitha M Rao, to designate the Plaintiff as the contingent beneficiary to his Fidelity accounts. (Pl.'s Resp. Br. in Opp'n to Def.'s Mot. for Summ. J., at 8–22). Most obviously, the Plaintiff is named "Anitha M," and she is a member of the family of Dr. Rao (the decedent). Such observations alone are, absent evidence of the existence of some other person named Anitha M Rao, likely sufficient to create a dispute of material fact that precludes an award of summary judgment. But combined with (1) the declarations from the Plaintiff and her father-in-law that substantiate the decedent's state of mind in so naming Anitha M Rao as the contingent beneficiary and (2) the declaration of the Plaintiff's expert that explains the nature of family naming conventions in India, the Court concludes that the Plaintiff has indeed presented affirmative evidence indicating that the decedent may have intended to designate her as the contingent beneficiary to the Fidelity accounts. Accordingly, the Defendant is not entitled to summary judgment on either of the parties' declaratory judgment claims because genuine disputes of material fact remain as to

whether the Fidelity accounts are property of the Plaintiff, as a contingent beneficiary, or of the decedent's estate.

### IV. Conclusion

For the foregoing reasons, the Defendant's Motion for Summary Judgment [Doc. 34] is DENIED.

SO ORDERED, this ___10th___ day of July, 2023.

THOMAS W. THRASH, JR.
United States District Judge