IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANITHA MADHAVARAM,

    Plaintiff/Counter-Defendant,

    v.

RAGHAVENDER RAYANNAGARI,
*as executor of the estate of*
JAGANMOHAN MADHAVARAM
RAO,

    Defendant/Counterclaimant.

CIVIL ACTION FILE
NO. 1:22-CV-1100-TWT

## OPINION AND ORDER

This is a declaratory judgment action. It is currently before the Court following a bench trial conducted on October 30 and 31, 2023, regarding the parties' claims for a declaratory judgment as to their entitlement to certain inheritance funds. Having considered the parties' presentation of evidence at trial and their proposed findings of fact and conclusions of law, the Court makes the following findings of fact and conclusions of law.

### Findings of Fact

1.

The Decedent, Jaganmohan Madhavaram Rao, was a native of India who emigrated to the United States. He died on April 30, 2021. (Pl.'s Ex. 5).

2.

At the time of his death, the Decedent owned accounts at Fidelity Brokerage, including a Traditional IRA, Account No. xxx-xx1410 ("Account

1410"), which he opened in November 1995, and a Roth IRA, Account No. xxx-xx0440 ("Account 0440"), which he opened in April 1999 (collectively referred to as the "IRA Accounts"). (Pl.'s Exs. 7–8).

3.

The IRA Accounts named Suguna M. Rao, the Decedent's wife, as the primary beneficiary and "Anitha M. Rao" as the contingent beneficiary. The IRA Accounts documents did not specify a social security number or date of birth for the contingent beneficiary. (Pl.'s Exs. 7–8). At the time the accounts were opened, the Plaintiff was unmarried and living in India. She would not have had a social security number.

4.

The Decedent's wife predeceased him on June 29, 2019. (Pl.'s Ex. 6).

5.

The Plaintiff Anitha Madhavaram claims to be the contingent beneficiary to the IRA Accounts identified as "Anitha M. Rao" and seeks a declaration from this Court that she is entitled to the funds in the IRA Accounts. (Compl. ¶¶ 16, 24).

6.

The Defendant Raghavender Rayannagari is the lawfully appointed Administrator of the Decedent's estate. (Def.'s Exs. 1–2). He seeks a declaration that the IRA Accounts are property of the estate because a named contingent beneficiary to the IRA Accounts cannot be determined. (Countercl.

¶ 16).

7.

The Plaintiff was born in 1977 in Andhra Pradesh, India. The Plaintiff's birth certificate identifies her as Madhavaram Anitha, and her college Transfer Certificate identifies her as M. Anitha, as does her Board of Secondary Education certificate. (Pl.'s Exs. 17–19). Her father was identified in her birth certificate as Madhavaram Manohar Rao and her mother was identified as Madhavaram Chandrakala. (Pl.'s Ex. 17).

8.

The Decedent and his wife, Suguna, were the Plaintiff's uncle and aunt. Suguna was the sister of the Plaintiff's mother. (Tr. Day 1, at 16:11–14).

9.

The Plaintiff was also related to the Decedent through a common ancestor named Madhavaram Bachayya. (Tr. Day 1, at 22:23–23:2; Pl.'s Ex. 23). Madhavaram is their family name. (Tr. Day 1, at 14:17–18).

10.

As the Plaintiff's expert, Dr. Brajesh Samarth, explained, there is no uniform naming convention for how a person from India may choose to change, reorder, or abbreviate the name he or she uses in the United States. People emigrating from India often abbreviate or replace more complex or lengthy names with initials so that their names will be easier to pronounce or write in English. (Tr. Day 1, at 101:22–103:6).

11.

Although the Decedent's full name was Madhavaram Jaganmohan Rao, he shortened his name to Jaganmohan M. Rao after coming to the United States. (Tr. Day 1, at 21:15–24).

12.

As Dr. Samarth also explained, regardless of whether individuals of the Velema caste in India decide to include the class or caste title "Rao" in the names of their children, all members of the Velema caste, including the Plaintiff and the Decedent, are Raos. (Tr. Day 1, at 98:100–12). Parents decide whether or not to include Rao in their children's names for several reasons, including the length of the name and whether the parents support the caste system. (*Id.* at 99:6–23).

13.

The Decedent mirrored his own naming convention (Jaganmohan M. Rao) when he named "Anitha M. Rao" as a contingent beneficiary to his IRA Accounts, as one of the IRA Account applications makes clear.[1] (Pl.'s Ex. 34).

14.

---

[1] Fidelity produced only one document containing the Decedent's handwritten designation of Anitha M. Rao as the contingent beneficiary to the IRA Accounts—the Roth IRA ending in 0440. (*See* Pl.'s Ex. 34). But the Fidelity records custodian made clear that the company follows the beneficiary designations in their system of record (FDOT), regardless of whether discovery produces original scans of the paper records that show the same designations. (Tr. Day 2, at 45:5–10, 49:7–8).

The Decedent made his contingent beneficiary designation for at least one of the IRA Accounts prior to the Plaintiff's marriage to her husband Raghu Bongu in 2001. (Pl.'s Ex. 34; Tr. Day 1, at 18:8–9, 44:19–20).

15.

Although neither the Decedent nor his wife attended the Plaintiff's wedding in India, they paid for her wedding. (Tr. Day 1, at 24:7–12). The Decedent also paid for the Plaintiff's education. (*Id.* at 30:22–24).

16.

Shortly after the Plaintiff married Mr. Bongu, she visited the Decedent and his wife in Georgia and stayed with them for a month. (Tr. Day 1, at 24:20–25:3).

17.

The Plaintiff kept the name Anitha Madhavaram after her marriage. Thereafter, while she was living in California, the Plaintiff maintained regular phone contact with the Decedent's wife and regular, but less frequent, phone contact with the Decedent. (Tr. Day 1, at 25:15–26:20).

18.

The next time the Plaintiff saw the Decedent and his wife, following her stay with them in 2001, was in 2015 in India for a wedding. (Tr. Day 1, at 26:21–27:12).

19.

When the Decedent's wife passed away in 2019, the Plaintiff traveled to

Atlanta to attend the funeral, stayed with the Decedent at his home, and assisted him in cleaning out his wife's belongings. (Tr. Day 1, at 27:13–29:18).

20.

After her aunt's death, the Plaintiff called the Decedent frequently to check in on him and see how he was doing because she knew he was alone at that point. (Tr. Day 1, at 29:19–25).

21.

When the Decedent died in 2021, the Plaintiff attended his funeral and gave a eulogy at the ceremony. (Tr. Day 1, at 30:1–7).

22.

After communicating with Fidelity following the Decedent's death, the Defendant reached out to the Plaintiff about claiming the funds in the IRA Accounts, including advising her on how to complete the Original Account Owner Information form. (Pl.'s Ex. 14).

23.

The Defendant affirmed to the Plaintiff that she had no legal obligation to share any of the funds in the IRA Accounts with any of the other relatives. (Pl.'s Ex. 15).

24.

Because the Plaintiff's legal name, Anitha Madhavaram, and the named contingent beneficiary, Anitha M. Rao, did not exactly match, Fidelity required authorization from the Defendant, as executor of the Decedent's estate, to

confirm that the Plaintiff was the contingent beneficiary to the IRA Accounts. (Pl.'s Ex. 16). The Defendant declined to provide such confirmation to Fidelity. (Tr. Day 1, at 41:7–20)

25.

The Court finds that the facts shown above establish by a preponderance of the evidence that the Decedent intended to designate the Plaintiff as the contingent beneficiary to his IRA Accounts in naming Anitha M. Rao.

26.

No other designee has come forward that could plausibly be the Anitha M. Rao named as the contingent beneficiary to the IRA Accounts. (*See* Tr. Day 1, at 68:21–69:8). The Plaintiff and her husband were credible witnesses who did not exaggerate or embellish the Plaintiff's claim to be the contingent beneficiary of the IRA Accounts.

27.

Even if the Plaintiff and the Decedent had a falling out at some point in their relationship, (Tr. Day 1, at 57:13–19, 138:7–8), such evidence is not probative of whether he named her as a contingent beneficiary originally. There was no evidence presented that the Decedent ever changed the contingent beneficiaries on the IRA Accounts.

Conclusions of Law

1.

The Court has jurisdiction over this case because the Plaintiff is a citizen of California, the Defendant is a citizen of Pennsylvania, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

2.

This case presents an actual controversy between the parties and is therefore properly before the Court as a declaratory judgment action. *See* 28 U.S.C. § 2201(a).

3.

A preponderance of the evidence standard governs the resolution of the ambiguity in the named contingent beneficiary in this case. *See* Restatement (Third) of Property (Wills & Don. Trans.) § 11.2(a) (2003); *id.* § 10.2 cmt. d; *Ewing v. Scott*, 366 Ga. App. 466, 469 (2023); *accord Matter of Tr. of Nelson*, 184 A.3d 526, 531 (N.J. App. Div. 2018) (distinguishing between interpretation and reformation of trust instruments). *But see* Restatement (Third) of Property (Wills & Don. Trans.) § 12.1 (noting that a clear and convincing evidence standard applies to reformation of donative documents to correct mistakes).

4.

The Plaintiff has carried her burden to show by a preponderance of the evidence that she is the named contingent beneficiary Anitha M. Rao and is therefore entitled to the funds of the IRA Accounts. She also showed by clear

and convincing evidence that she is the named contingent beneficiary Anitha M. Rao and is therefore entitled to the funds in the IRA Accounts.

## Conclusion

For the foregoing reasons, the Clerk is hereby DIRECTED to enter Judgment in favor of the Plaintiff and against the Defendant on both Count I of the Plaintiff's Complaint and Count I of the Defendant's Counterclaim. Fidelity is hereby AUTHORIZED to disburse the funds in the IRA Accounts 1410 and 0440 to the Plaintiff. The Clerk is DIRECTED to close the case.

SO ORDERED, this ___21st___ day of November, 2023.

THOMAS W. THRASH, JR.
United States District Judge